UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

James Ricketti, D.P.M.,

    Plaintiff,

v.

Shaun Barry, and others,

    Defendants.

Civ. No. 13-6804

**OPINION**

THOMPSON, U.S.D.J.

This matter appears before the Court on the Motion to Dismiss of Defendant Shaun Barry and others, (collectively, "Defendants"). (Doc. No. 5). The Court has issued the Opinion below based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons included herein, the Court will grant Defendants' motion. (Doc. No. 5).

INTRODUCTION

Plaintiff James Ricketti is a podiatrist licensed in the State of New Jersey. (Doc. No. 1, 1). RestorixHealth is a Nevada corporation that maintains a principal place of business in New York and operates a wound care center. (Doc. No. 1, 2). Defendant Shaun Barry is a Pennsylvania resident and a Regional Director employed by Defendant RestorixHealth. (Doc. No. 1, 2).

The present matter stems from a contract dispute between Plaintiff and his former employee, Dr. Michael Plishchuk. During his employment under Plaintiff, Plishchuk used Defendants' facility to treat Plaintiff's patients. (Doc. No. 1, 3). After Plishchuk was fired, he continued treating patients at the facility, in apparent violation of the

1

contractual agreement between Plaintiff and Plishchuk. (Doc. No. 1, 4). Plaintiff sued Plishchuk in New Jersey Superior Court for using Defendants' facility, claiming breach of contract, breach of covenant of good faith and fair dealing, tortious interference, and conversion. (Doc. No. 10, 11). In that action, Plaintiff alleged that Plaintiff entered into a written contract with Plishchuk, maintained a contractual relationship with Defendants, and sent Plishchuk to Defendants' facility to perform work on his behalf. He further alleged that his agreement with Plishchuk was violated when Plishchuk: (1) advised Defendants' staff to contact Plishchuk directly with respect to patients; (2) interfered with Plaintiff's new associates' efforts to see and treat patients at the facility; and (3) diverted patients either to himself or to others while performing service in Defendants' facility. Plaintiff did not join Defendants in that action.

In the present action, Plaintiff contends that Defendants allowed Plishchuk to treat patients in its facility, in violation of Plaintiff's contractual rights. (Doc. No. 1, 7). Under his claims for intentional interference with an existing economic advantage and intentional interference with prospective economic advantage, Plaintiff contends that Defendants, "with knowledge of [Plaintiff's] contractual relationship with existing patients, and his reasonable expectation of future economic advantage from these patients, acted intentionally to interfere with those relationships and economic advantages." (Doc. No. 1, 2). Plaintiff also contends that Defendants breached the agreement with Plaintiff and violated the covenant of good faith and fair dealing by allowing Plishchuk to continue to treat patients at Defendants' facility. Plaintiff's actions for conversion also rely on Plishchuk's treatment of patients at Defendants' facility.

DISCUSSION

1. Legal Standard

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id*. (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court may disregard any conclusory legal allegations. *Id*. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Such a claim requires more than a mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct;" the facts must allow a court reasonably to infer "that the defendant is liable for the misconduct alleged." *Id*. at 210, 211 (quoting *Iqbal*, 556 U.S. 678-79).

"In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record and undisputedly authentic documents if the complainant's claims are based upon these documents." *Great W. Min. & Mineral Co. v. ADR Options, Inc.*, 882 F. Supp. 2d 749, 760 (D.N.J. 2012)(citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

2. Analysis

The entire controversy doctrine "requires plaintiff to bring in one action all affirmative claims that [he] might have against another party, including counterclaims and cross-claims, and to join in that action all parties with a material interest in the controversy, or be forever barred from bringing the subsequent action involving the same underlying facts." *Great W. Min. & Mineral Co. v. ADR Options, Inc.*, 533 F. App'x 132, 135 (3d Cir. 2013). Under this doctrine, "a plaintiff is precluded from litigating in a subsequent proceeding both claims that it actually litigated and claims that it could have litigated in an earlier proceeding." *Bernardsville Quarry v. Borough of Bernardsville*, 929 F.2d 927, 930 (3d Cir. 1991); *see also Dukes v. Lancer Ins. Co.*, 390 Fed. Appx. 159, 162 (3d Cir. 2010)(internal citations omitted)(entire controversy doctrine "embodies the notion that the adjudication of a legal controversy should occur in one litigation in only one court"); *DiTrolio v. Antiles*, 142 N.J. 253, 271 (1995) (must join "all parties with a material interest" in the controversy).

In applying this rule, "the central question is whether the claims against the different parties arise from related facts or the same transaction or series of transactions." *Wisniewski v. Travelers Cas. & Sur. Co.*, 390 Fed. Appx. 153, 156 (3d Cir. 2010). "It is the core set of facts that provides that link between distinct claims against the same or different parties and triggers the requirement that they be determined in one proceeding." *Id*. Thus, this Court will look to the "core set of facts" in the two proceedings at issue.

Here, Plaintiff's claims against Defendants are substantially the same as the claims advanced in the original litigation. However, the main consideration is whether the claims stem from the same set of facts and circumstances. *Wisniewski*, 390 Fed.

4

Appx. at 56. Both matters arise out of the same contractual provisions and obligations as well as the same actions. Defendants would also be prejudiced by the present proceeding because Defendants were prevented from participating in the original proceeding which involved substantially the same facts and issues. *See Keltic Fin. Partners, LP v. Gerald Krovatic*, CIV. 05-4324 (JAP), 2007 WL 1038496, at *9 (D.N.J. Mar. 30, 2007)(entire controversy barred suit when plaintiff's failure to include defendant prevents defendant "from participating in the settlement of that case."). Accordingly, the Court finds that, on the face of the complaint, the present case contains the same core facts as the original litigation. *Sutton v. Sutton*, 71 F. Supp. 2d 383, 390 (D.N.J. 1999) ("[T]hough the parties and the claims in the second suit may be different than those in the first suit, the second suit may nonetheless be barred because it concerns the series of transactions already at issue in the first suit.").

## CONCLUSION

For the above reasons, Defendants' motion to dismiss is granted.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

Dated: 2/10/14

5